| | |
|---|---|
| **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Elizabeth J. Cabraser (SBN 83151)<br>ecabraser@lchb.com<br>Michael W. Sobol (SBN 194857)<br>msobol@lchb.com<br>Melissa A. Gardner (SBN 289096)<br>mgardner@lchb.com<br>Jallé Dafa (SBN 290637)<br>jdafa@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: 415.956.1000 | **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Dorothy P. Antullis<br>Stuart A. Davidson<br>Lindsey H. Taylor<br>Nicolle B. Brito (333130)<br>Alexander C. Cohen<br>225 NE Mizner Boulevard, Suite 720<br>Boca Raton, FL  33432<br>Telephone:  561/750-3000<br>561/750-3364 (fax)<br>dantullis@rgrdlaw.com<br>sdavidson@rgrdlaw.com<br>ltaylor@rgrdlaw.com<br>nbrito@rgrdlaw.com<br>acohen@rgrdlaw.com<br><br>*Attorneys for Richard Roe, John Q. Public, and the Class* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD ROE and JOHN Q. PUBLIC, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>23ANDME, INC.,<br><br>                    Defendant. | Case No. 3:24-cv-02319<br><br>MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS |

## I. Introduction

Plaintiffs Richard Roe and John Q. Public ("Plaintiffs"), by and through their undersigned counsel, hereby respectfully move to proceed in this action under pseudonyms,[1] and in support thereof, state as follows:

## II. Legal Standard

Under Ninth Circuit precedent, parties can "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary. . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)). Courts balance "the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068 (citations omitted).

Courts applying this balancing test have recognized two situations permitting a plaintiff to proceed anonymously that are relevant here: (1) when identification creates a risk of retaliatory physical or mental harm and (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature. *Id.* (internal quotation marks and citations omitted); *see also Roe v. San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035, at *7 (N.D. Cal. Jan. 28, 2021).

## III. Discussion

As detailed in Plaintiffs' Class Action Complaint and Demand for Jury Trial ("Complaint"), *see* ECF No. 1, Plaintiffs are the victims of a politically and/or racially motivated Data Breach, in which nefarious third parties have sought out and acquired their personally identifiable information, personal genetic information, and ancestral information ("Personal Information") as well as that of a large number of Chinese and Ashkenazi Jewish individuals. The purpose of the Data Breach and leak of Plaintiffs' and the other Class members' Personal Information was to "out" them by disclosing their ancestry and other identifying information that

---

[1] Plaintiffs are not seeking to keep their identity hidden from Defendant or its counsel, obviating any concern of potential unfairness to the opposing party.

1  could be used against them. *See id.* As such, both the first and second situations permitting a
2  plaintiff to proceed anonymously are present here.

3   ***First***, Plaintiffs are at a clear and present risk of retaliatory physical or mental harm. *See*
4  *Does I thru XXIII*, 214 F.3d at 1068. The gravamen of the Complaint is that Plaintiffs are
5  Ashkenazi Jews, and face heightened risk of anti-Semitic hate crimes and acts as a result. *See* ECF
6  No. 1. As such, Plaintiffs have clearly demonstrated that the use of pseudonyms is appropriate in
7  this situation.

8   ***Second***, anonymity is necessary to preserve privacy in this case. *See Does I thru XXIII*, 214
9  F.3d at 1068. This case is about a Data Breach that resulted in the unauthorized disclosure of
10 Plaintiffs' Personal Information, which is now for sale on the dark web. Compelling Plaintiffs to
11 publicly disclose their identity not only results in them implicitly attesting to the accuracy of the
12 information available on the dark web concerning them, but also would vitiate the exact same
13 privacy interest they seek to protect. *See Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y.
14 1973) ("[I]f plaintiffs are required to reveal their identity prior to the adjudication on the merits of
15 their privacy claim, they will already have sustained the injury which by this litigation they seek
16 to avoid.") (citing *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958)). As such, this
17 situation is also clearly met.

18   Accordingly, in balancing "the need for anonymity against the general presumption that
19 parties' identities are public information and the risk of unfairness to the opposing party," *Does I*
20 *thru XXIII*, 214 F.3d at 1068, the Motion should be granted. The need to protect Plaintiffs' physical
21 well-being and privacy is of the utmost importance. There is no risk of unfairness to Defendant,
22 since Plaintiffs are willing to disclose their identity to Defendant and its counsel, provided that
23 they do not make it public. The general presumption that a party's identity is public information
24 has been rebutted by the showing of two discreet but related "unusual" situations, and the Motion
25 should be granted. Indeed, for the very same reasons, the Court granted an identical motion to
26 proceed under a pseudonym in a related case, *Doe v. 23andMe, Inc.*, No. 3:23-cv-05717-EMC
27 (N.D. Cal. Dec. 4, 2023), ECF No. 23.

28

IV.     Conclusion

For the above reasons, Plaintiffs respectfully request that the instant Motion be granted, and that Plaintiffs be permitted to proceed in this matter under pseudonyms.

Dated: April 18, 2024							Respectfully submitted,

*/s/ Melissa A. Gardner*
Melissa A. Gardner (SBN 289096)
mgardner@lchb.com
Elizabeth J. Cabraser (SBN 83151)
ecabraser@lchb.com
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Jallé Dafa (SBN 290637)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Sean A. Petterson (*pro hac vice* forthcoming)
spetterson@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500

**ROBBINS GELLER RUDMAN & DOWD LLP**
Dorothy P. Antullis (*pro hac vice* forthcoming)
dantullis@rgrdlaw.com
Stuart A. Davidson (*pro hac vice* forthcoming)
sdavidson@rgrdlaw.com
Lindsey H. Taylor (*pro hac vice* forthcoming)
ltaylor@rgrdlaw.com
Alexander C. Cohen (*pro hac vice* forthcoming)
acohen@rdrglaw.com
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561 750-3000

**ROBBINS GELLER RUDMAN & DOWD LLP**
Aelish M. Baig (SBN 201279)
aelishb@rgrdlaw.com
Taeva Shefler (SBN 291637)
tshefler@rgrdlaw.com
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415.288.4545

*Attorneys for Richard Roe, John Q. Public, and the Proposed Class*

-4-

MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM